[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 14, 2005
THOMAS  K. KAHN
CLERK

No. 04-15159
Non-Argument Calendar

_____

D.C. Docket No. 94-00529-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY LEON DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(July 14, 2005)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

In United States v. Davis, No. 95-5378 (decided May 8, 1997) (not

published), we affirmed appellant Anthony Leon Davis's conviction and sentence

for possession of cocaine. Thereafter, Davis moved the district court to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. The district court denied his motion, and we refused to grant a certificate of appealability. On July 29, 2004, Davis moved the court to dismiss the indictment (in the case that led to his conviction and sentence for possession of cocaine). Although Davis's motion stated that it was being filed pursuant to 18 U.S.C. § 3742, the district court treated the motion as a motion filed under § 2255 and dismissed it because Davis had not obtained leave of court as required by 28 U.S.C. §§ 2244(a) and 2255.

Davis now appeals the court's ruling. We affirm. The court properly treated the motion as a successive § 2255 petition.[1]

AFFIRMED.

---

[1] The district court considered whether, before ruling on the motion, to advise Davis that it would treat the motion as having been filed pursuant to § 2255. See Castro v. United States, 540 U.S. 375, 124 S. Ct. 786, 157 L. Ed. 2d 778 (2003). The court concluded that Castro's notice requirement only applies to a defendant's first collateral attack on his conviction or sentence pursuant to a motion that is not labeled a § 2255 motion. The instant motion was not Davis's first collateral attack on his conviction and sentence; hence, Castro notice was not required.